UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAFAEL ANTONIO TAVARAZ, A-037-051-217,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX, et al.,

Respondents.

No.  1:26-cv-04800-TLN-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Rafael Antonio Tavaraz is detained by Immigrations and Customs Enforcement ("ICE") and proceeds without counsel. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition, respondents' opposition, and petitioner's reply are before the court. (ECF Nos. 1, 6, 8.) This matter is referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1) and the court's minute order dated June 24, 2026. (ECF No. 3.) For the reasons set forth below, the undersigned recommends the petition be granted to the extent that respondents be ordered to provide petitioner a bond hearing.

**I.      Background**

Petitioner is a native and citizen of the Dominican Republic. (ECF No. 6-1 at 1.) On or about March 5, 1981, petitioner was admitted to the United States as a lawful permanent resident. (Id.) On February 4, 2025, petitioner was convicted of trafficking in heroin and conspiracy to

1

traffic in heroin in Florida, for which he was sentenced to serve 24 months in prison. (ECF No. 6-3 at 3-4.)

On or about June 22, 2025, petitioner was taken into immigration custody following his release from prison. (ECF No. 6-1.) Petitioner was issued a Notice to Appear placing him in immigration proceedings and charging him with inadmissibility under 8 U.S.C. § 1227(a)(2)(B)(i). (ECF No. 6-2.)

On October 31, 2025, an immigration judge ordered petitioner removed to the Dominican Republic due to petitioner not having filed any applications for relief within the time limit. (ECF No. 6-4 at 3.) Petitioner's appeal to the Board of Immigration Appeals ("BIA") was initially rejected for filing defects but later accepted as timely on January 28, 2026. (ECF No. 6-5 at 2.) On February 26, 2026, the BIA issued a briefing schedule with briefs due on March 19, 2026. (ECF No. 6-6 at 1.) According to respondents, neither party filed a brief with the BIA and the case is awaiting decision by the BIA. (See ECF No. 6 at 2.)

## II.   Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III.   Discussion

Petitioner asserts he has been arbitrarily and indefinitely detained without an individualized determination or legitimate government interest. (ECF No. 1 at 4.) He seeks release from custody under conditions of supervision. (Id.)

Respondents contend petitioner is lawfully detained and subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(B). (ECF No. 6 at 2.) Respondents argue he has no procedural or substantive right to be free from immigration detention or to a bond hearing. (Id. at 4-7.)

////

2

Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(c)(1)(B). That subsection provides the Attorney General shall take into custody any noncitizen who is "deportable by reason of having committed any offense covered in specified sections, including section 1227(a)(2)(B). A noncitizen is deportable under section 1227(a)(2)(B) if at any time after admission, they are "convicted of a violation of… any law… relating to a controlled substance…, other than a single offense involving possession for one's own use of thirty grams or less of marijuana." 8 U.S.C. § 1227(a)(2)(B)(i). As petitioner's conviction qualifies, he is deportable under 8 U.S.C. § 1227(a)(2)(B)(i) and subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B).

In light of the application of § 1226(c), petitioner was not entitled to a pre-deprivation hearing and is not entitled to release from custody. Petitioner "cites no authority, nor is the Court aware of any, which would require ICE to provide [a noncitizen] with notice and a hearing prior to detaining him pursuant to § 1226(c)." Medina Soto v. Robbins, No. 1:25-cv-01954-KES-SKO (HC), 2026 WL 657702, at *3 (E.D. Cal. Mar. 9, 2026). Petitioner's detention during deportation proceedings is a constitutionally valid aspect of the process. Demore v. Kim, 538 U.S. 510, 523 (2003). The government has significant interests in detaining noncitizens pending removal. See generally Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022).

However, the undersigned concludes due process requires that petitioner receive a hearing because petitioner's detention has become prolonged, lasting more than 13 months. The Supreme Court has left open the question whether due process requires that persons in prolonged mandatory immigration detention receive individualized bond hearings. See Rodriguez v. Marin, 909 F.3d 252, 255 (9th Cir. 2018) (citing Jennings v. Rodriguez, 583 U.S. 281 (2018)). The Ninth Circuit has expressed reservations as to whether a noncitizen may be detained for an unreasonably prolonged period, even where they are detained pursuant to a statute requiring their mandatory detention. Rodriguez v. Marin, 909 F.3d at 256 ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so.").

3

"While neither the Ninth Circuit nor the Supreme Court have endorsed a bright-line rule for when a noncitizen's detention becomes constitutionally impermissible, nearly all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." Nasar v. Warden of California City Det. Ctr., No. 2:26-CV-00433-DC-AC (HC), 2026 WL 731160, at *3 (E.D. Cal. Mar. 13, 2026) (internal quotation marks, brackets, and citation omitted).

Here, petitioner's immigration detention has surpassed 13 months, and it is unknown how long the remainder of his removal proceedings will take. Courts examine procedural due process claims in two steps. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). The first step is determining whether there exists a protected liberty interest under the Due Process Clause, and the second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. Id.

Petitioner has a protected liberty interest at stake. The Due Process Clause protects persons in the removal process from "arbitrary prolonged detention." Rodriguez v. Marin, 909 F.3d at 256. Noncitizens have a well-established liberty interest in their freedom from detention. Zadvydas, 533 U.S. at 693.

To determine whether petitioner received process due with respect to that protected liberty interest, the court will use the balancing test from Mathews v. Eldridge, 424 U.S. 319 (1976). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation and probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest. Mathews, 424 U.S. at 335.

Petitioner has a "substantial" private interest in freedom from prolonged detention. See Rodriguez Diaz v. Garland, 53 F.4th at 1207 ("an individual's private interest in 'freedom from prolonged detention' is 'unquestionably substantial'"). Petitioner has been detained for more than 13 months and has never been granted a hearing where he could argue for his release pending removal based on individualized consideration of the relevant risks.

As for procedures in place, there do not appear to be any to mitigate against the risk of arbitrary prolonged detention. It does not appear petitioner would be afforded a bond hearing at

any point in the future during pendency of his removal proceedings given that respondents maintain he is subject to mandatory detention and not entitled to such a hearing. Thus, petitioner's only available process for his due process claim asserting prolonged detention is through a habeas petition. A bond hearing before an IJ would mitigate the risk of erroneous deprivation because it would require the government to establish petitioner presents a flight risk or danger to the community if released.

The government has an interest in protecting the public from noncitizens who have been determined to be dangerous and in ensuring successful execution of removal orders through detention of removable noncitizens. Rodriguez Diaz, 53 F.4th at 1208 (citing Demore v. Kim, 538 U.S. 510, 515, 528). However, respondents' interest in petitioner's continued detention without a bond hearing is low because "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017).

Being required to provide petitioner a bond hearing will not undercut the government's interests. Limiting detention to noncitizens who are shown to be either dangerous or a flight risk may serve the interests of the public and the government by limiting the fiscal and administrative burdens attendant to immigration detention. See Hernandez, 872 F.3d at 996 (noting the "staggering" costs to the public of immigration detention as compared to supervised release programs). Detention hearings in immigration courts are routine and impose a "minimal cost." Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025).

Because the Mathews factors favor petitioner, the undersigned recommends petitioner receive a bond hearing before an IJ at which the government bears the burden of showing by clear and convincing evidence that he is either a flight risk or a threat to safety to justify his continued detention. Respondents argue they should not bear the burden at any such hearing. However, where an individual's liberty is at stake for continued detention, the Supreme Court has consistently required the government to justify continued detention by clear and convincing evidence. See Black v. Decker, 103 F.4th 133, 157 (2nd Cir. 2024), cert. granted sub nom. Genalo

v. Black, No. 25-886, 2026 WL 1718025 (U.S. June 15, 2026).

**IV.   Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be GRANTED and respondents be ordered to provide petitioner a bond hearing before an Immigration Judge, within fourteen (14) days of adoption of these findings and recommendations, at which the government bears the burden of showing by clear and convincing evidence that petitioner is either a flight risk or danger to the community to justify his continued detention.

2. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 27, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 tava4800.mer

6